KAREN P. HEWITT
United States Attorney
DAVID D. LESHNER
Assistant U.S. Attorney
California State Bar No. 207815
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7163
David.Leshner@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08-CR-1552-W |
|---|---|---|
| Plaintiff, | ) ) ) | DATE: June 30, 2008<br>TIME: 2:00 p.m. |
| v. | ) ) | |
| MARK ANTHONY GALLEGOS, | ) ) | **UNITED STATES' NOTICE OF MOTION AND MOTION FOR RECIPROCAL** |
| Defendant. | ) ) ) | **DISCOVERY** |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and David D. Leshner, Assistant United States Attorney, and hereby files its motion for reciprocal discovery. Said motion is based upon the files and records of this case together with the attached memorandum of points and authorities.

///
///
///
///
///
///
///
///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## STATEMENT OF THE CASE

On May 15, 2008, defendant Mark Anthony Gallegos was arraigned on a two-count Indictment charging him with bringing in illegal aliens for financial gain, harboring illegal aliens and aiding and abetting, in violation of 8 U.S.C. §§ 1324(a)(2)(B)(ii), (a)(1)(A)(iii) and (v)(II) and 18 U.S.C. § 2. Defendant entered a plea of not guilty.

## II

## STATEMENT OF FACTS

**A.    Defendant's Apprehension**

On April 19, 2008, Border Patrol Agents S. Templin and A. Parga were on duty in a residential area to the east of the Calexico, California Port of Entry. This area, commonly known as the "East Fence," is immediately adjacent to the International Border Fence and is notorious for alien smuggling activity.

At approximately 1:55 p.m., Agents Templin and Parga observed Defendant walking through an alley immediately north of 941 First Street ("the residence"), a single family home located across the street from the border fence. Defendant was talking on a cell phone and appeared to be looking around for something or someone. Agents maintained observation of Defendant as he walked from the alley into the residence's backyard and entered the residence through the back door.

Shortly thereafter, Agents Templin and Parga observed a suspected illegal alien climb over the border fence from Mexico into the United States. The suspected alien ran north across First Street and continued running along the east side of the residence. The suspected alien ran into a shed located in the residence's backyard and shut the shed door behind him.

Approximately five minutes after the suspected alien entered the shed, Defendant exited the residence through the back door and walked through the backyard toward the alley behind the house. Defendant looked around the house and down the alley before returning to the residence through the back door.

/ / /

1   Defendant then exited the residence a second time, looked around the backyard and alley and
2   proceeded to the shed. When he arrived at the shed, Defendant leaned close to the door and yelled
3   through it. The suspected alien immediately opened the shed door, and Defendant motioned to him to
4   exit the shed. Defendant pointed to the back door of the residence, and the suspected alien ran inside.
5   Defendant then closed the shed door, locked it with a key and followed the suspected alien into the
6   residence through the back door.

7   At approximately 2:20 p.m., Defendant exited the residence and walked into the alley. Agent
8   Templin approached Defendant and asked him about his involvement in alien smuggling activities.
9   Defendant denied that anyone had been in the shed behind the residence and denied that he had let
10  anyone out of the shed into the residence. Agent Templin then placed Defendant under arrest.

11  At approximately 3:10 p.m., Jose Gallegos, Sr., the residence's owner and Defendant's
12  grandfather, gave consent to Border Patrol Agents to search the residence. Agents entered the residence
13  and encountered the suspected alien hiding under a bed in a bedroom. The individual identified himself
14  as Ismael Ayon Fernandez and admitted to being a citizen of Mexico without documents allowing him
15  to enter the United States. Agents placed Mr. Fernandez under arrest.

16  **B.    Defendant's Post-Arrest Statement**

17  Defendant received <u>Miranda</u> warnings and agreed to make a statement. He stated that his
18  grandparents reside at the 941 First Street residence and that he resides there intermittently. According
19  to Defendant, he had gone to the residence to do his laundry and had found an alien in the backyard
20  shed. The alien exited the shed and entered the residence on his own accord. When the alien entered
21  the residence, Defendant stated that he prepared the leave the residence with his wife and niece so as
22  not to be accused of alien smuggling.

23  **C.    Material Witness' Statement**

24  Fernandez stated that he was paying approximately $2,000 to be smuggled from Mexico into the
25  United States. The smugglers instructed him to climb over the border fence and run to the shed behind
26  the residence. He entered the shed and waited until he heard someone call out his name: "Ismael,
27  Ismael." Upon hearing his name, Fernandez opened the shed door, and Defendant took him into the
28  residence. Fernandez identified Defendant from a six-pack photo lineup as the individual who took him

from the shed into the residence.

## III

## **MOTION FOR RECIPROCAL DISCOVERY**

The Government has and will continue to fully comply with its discovery obligations. To date, the Government has provided Defendant with 46 pages of discovery, including the report of his arrest, his rap sheet and a DVD of his post-arrest statement and the material witness' statement.

The Government moves the Court to order Defendant to provide all reciprocal discovery to which the Government is entitled under Federal Rules of Criminal Procedure 16(b) and 26.2. Specifically, Rule 16(b)(1) requires Defendant to disclose to the Government all exhibits, documents and reports of testing or examination which he intends to use in his case-in-chief at trial and a written summary of the names, anticipated testimony, and bases for opinions of experts he intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

## IV

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court grant its motion.

DATED: June 4, 2008.                    Respectfully submitted,

                                        Karen P. Hewitt
                                        United States Attorney

                                        s/ David D. Leshner
                                        DAVID D. LESHNER
                                        Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08-CR-1552-W |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| MARK ANTHONY GALLEGOS, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES' NOTICE OF MOTION AND MOTION FOR RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Gregory Murphy, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 4, 2008.

/s/ David D. Leshner
DAVID D. LESHNER